IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 21–cv–01246–RM–KMT

MICHAEL L. MACGOWAN JR.,

    Plaintiff,

v.

TOWN OF CASTLE ROCK, COLORADO,
MAYOR JASON GRAY, and
DIRECTOR TARA VARGISH,

    Defendants.

---

# ORDER

---

Before the court is Plaintiff's "Motion for Reconsideration of Order Denying Move to Strike/Motion for Default Judgment." (["Motion"], Doc. No. 33.) Defendants have responded in opposition to the Motion. (["Response"], Doc. No. 35.) No further briefing on the Motion has been filed. For the following reasons, the Motion is DENIED.

## I. *Relevant Procedural History*

*Pro se* Plaintiff Michael L. Macgowan, Jr.[1] ["Mr. MacGowan," or "Plaintiff"] commenced this action, on May 6, 2021, asserting violations of his First, Fifth, and Fourteenth Amendment rights by the Town of Castle Rock, Mayor Jason Gray, and Director Tara Vargish

---

[1] Mindful of Plaintiff's *pro se* status, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").

[collectively, "Defendants"]. (Doc. No. 1.) After Defendants were each served with the summons and complaint, on June 1, 2021, Plaintiff amended his pleading. (Doc. No. 8; *see* Doc. No. 7.) Defendants thereafter jointly filed an unopposed motion for extension of the deadline by which to respond to the Amended Complaint. (Doc. No. 10.) On June 10, 2021, this court issued a Minute Order granting Defendants' request, and ordering them to file a response to Plaintiff's operative pleading, on or before July 6, 2021. (Doc. No. 12.) That same day, the parties filed the "Election Concerning Consent/Non-Consent to United States Magistrate Judge Jurisdiction" standardized form, indicating that at least one party did not consent to magistrate judge jurisdiction in this matter. (Doc. No. 11.) As such, on June 11, 2021, this case was reassigned to United States District Judge Raymond P. Moore, and then referred to the undersigned, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b). (Doc. Nos. 13-14.)

On June 29, 2021, Plaintiff filed a motion seeking "reconsideration" of this court's June 10, 2021 Minute Order. (Doc. No. 18.) This court denied Plaintiff's motion, upon its referral, on the basis that Defendants had made their unopposed request to extend the responsive pleading deadline before the original deadline had expired. (Doc. Nos. 19-20.) Given that Plaintiff had failed to confer with Defendants prior to filing the motion for reconsideration, this court also reminded Plaintiff of his duty to confer under Local Rule 7.1(a), and cautioned that any future motions filed without conferring would result in the denial of those motions. (Doc. No. 21); *see* D.C.COLO.LCivR 7.1(a).

On July 6, 2021, the date by which responsive pleadings were due, Defendants jointly filed a motion to dismiss the Amended Complaint, in its entirety, pursuant to Federal Rule of

2

Civil Procedure 12(b)(6).  (Doc. No. 22; *see* Doc. No. 12.)  Two weeks later, on July 20, 2021, Plaintiff filed an "Emergency Move to Strike/Motion for Default Judgment," asking the court to "strike" Defendants' motion to dismiss for lack of conferral, and requesting that default judgment be entered against all three Defendants, on the grounds that "the time for filing a response to the complaint ha[d] lapsed."  (Doc. No. 24.)  In that motion, Mr. Macgowan also requested the appointment of a *pro bono* attorney.  (*Id.*)

By written order dated July 26, 2021, this court denied Plaintiff's "Emergency Move to Strike/Motion for Default Judgment," based on the fact that: (1) pursuant to Local Rule 7.1(b)(2), conferral is not required prior to the filing of a Rule 12(b) motion; (2) default had not previously been entered and Defendants filed their motion to dismiss within the deadline set by this court; and (3) the interests of justice did not warrant the appointment of civil counsel.  (Doc. No. 28.)

Plaintiff now seeks "reconsideration" of this court's July 26, 2021 Order, arguing that it was not only the product of "bias," but also showcases "a lack of understanding of the issues." (Mot. 4-5.)  In addition, Plaintiff demands that the undersigned "recuse herself" from this case "for failure to work for the people by which she is employed, abuse of discretion and cannons [sic] of jurisdiction, and disregarding the United States Constitution."  (*Id.* at 1.)  Mr. Macgowan asks that the presiding United States District Judge "review this case and the previous one in its entirety, to show any hope that there is justice."  (*Id.* at 7.)

## II.  Reconsideration

To the extent that Mr. Macgowan seeks reconsideration of this court's July 26, 2021 Order, his Motion implicates Federal Rule of Civil Procedure 59(e).  *See Gatewood v. Coville*,

No. 12-cv-01443-LTB, 2012 WL 2884866, at *1 (D. Colo. July 13, 2012) ("A motion to reconsider filed within twenty-eight days after the final judgment in an action should be considered pursuant to Rule 59(e)."); *accord Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *see* Fed. R. Civ. P. 59(e).  A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence."  *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).  Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed, or to advance arguments that could have been previously raised.  *Id.*

Plaintiff's arguments, as set forth in the present Motion, are difficult to discern.  While the Motion is directed at this court's July 26, 2021 Order, Mr. Macgowan also appears to challenge three previous Minute Orders issued by this court: (1) the June 10, 2021 Minute Order, granting Defendants' unopposed motion to extend the responsive pleading deadline; (2) the June 29, 2021 Minute Order, denying Plaintiff's motion for reconsideration of the June 10, 2021 Minute Order; and (3) the June 29, 2021 Minute Order, cautioning Plaintiff of his duty to confer prior to his filing any future motions.  (Mot. 2-3, 7; *see* Doc. Nos. 12, 20-21.)  Given that Defendants filed their motion to extend the responsive pleading deadline before that deadline expired, and because Defendants' motion requesting permission to do so was unopposed, any arguments directed towards the first two Minute Orders are entirely without merit.  (*See* Doc. No. 10.)  Mr. Macgowan also challenges this court's June 29, 2021 Minute Order, in which the court advised him of his ongoing duty to confer, complaining that the undersigned improperly

4

"modified the requirement for conferring." (Mot. 7; *see* Doc. No. 21.) Plaintiff appears to take issue with the court's admonishment that "any future motions filed without conferring will result in the denial of those motions," given that Defendants subsequently filed a Rule 12(b) motion to dismiss without first conferring. (Mot. 2; *see* Doc. Nos. 21-22.) However, as the court has already explained, conferral is *not* required prior to the filing of a Rule 12(b) motion. *See* D.C.COLO.LCivR 7.1(b) (setting forth the exceptions to the duty to confer). This District's rules regarding conferral apply equally to all litigants. D.C.COLO.LCivR 7.1(a). Although Plaintiff is proceeding *pro se*, he "must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Therefore, the court finds no basis to reconsider its June 29, 2021 Minute Order.

Mr. Macgowan argues that reconsideration of this court's July 26, 2021 Order is "necessary," so as to "preserve free speech for the people." (Mot. 7.) However, after reviewing the present Motion and the entire case file, the court finds no justifiable reason to reconsider the July 26, 2021 Order, either. In his present Motion, Plaintiff mainly rehashes the arguments raised in his "Emergency Move to Strike/Motion for Default Judgment," as well the allegations set forth in his operative pleading. *See Paraclete*, 204 F.3d at 1012. Because Mr. Macgowan has failed to demonstrate a misapprehension of the facts, his position, or the controlling law, his motion for reconsideration will be denied.

### III. Recusal

To the extent that the present Motion can be construed as a motion to recuse, Plaintiff has failed to allege any facts that would cause a reasonable person to question the impartiality of the undersigned in this matter, as is required by 28 U.S.C. § 455. Specifically, Plaintiff does not

point to any errors in this court's rulings, and he provides no support for his allegations of "bias." *See Carpenter v. Boeing Co.*, 456 F.3d 1183, 1204 (10th Cir. 2006) ("[U]nsubstantiated suggestions, speculations, and opinions are insufficient to establish even the appearance of any bias, prejudice, or misconduct that would warrant judicial recusal.") (alterations omitted); *see also In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004) ("Section 455 does not require recusal based only on assumptions about a judge's beliefs that are not substantiated by the facts of record.").

Accordingly, it is

**ORDERED** that the "Motion for Reconsideration of Order Denying Move to Strike/Motion for Default Judgment" (Doc. No. 33) is **DENIED**.

## ADVISEMENT TO THE PARTIES

Rule 72(a) of the Federal Rules of Civil Procedure provides that when a pretrial matter not dispositive of a party's claim or defense is referred to a Magistrate Judge to hear and decide, the Magistrate Judge must issue a written order stating the decision. Within fourteen (14) days after service of a copy of this Order, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a).  Failure to make any such objection will result in a waiver of the right to appeal the non-dispositive order. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, such as when a "*pro se* litigant has not been

informed of the time period for objecting and the consequences of failing to object").

Dated this 12th day of October, 2021.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge