IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21–cv–01246–RM–KMT

MICHAEL L. MACGOWAN JR.,

    Plaintiff,

v.

TOWN OF CASTLE ROCK, COLORADO,
MAYOR JASON GRAY, and
DIRECTOR TARA VARGISH,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    Before the court is Defendants' "Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6)." (["Motion"], Doc. No. 22.) No response has been filed to the Motion, and the time to do so has lapsed. For the following reasons, it is RECOMMENDED that the Motion be GRANTED, and that this case be DISMISSED.

### STATEMENT OF THE CASE

    This case stems from a dispute between Plaintiff Michael L. Macgowan, Jr. ["Mr. Macgowan," or "Plaintiff"], who is a *pro se* litigant, and the Town of Castle Rock ["Castle Rock," or "the Town"] regarding Mr. Macgowan's ongoing efforts to erect a "digital" billboard, which he refers to as a "Combolisk," next to a major interstate freeway within the Town's limits. (["Amended Complaint"], Doc. No. 8.)

In 2019, Mr. Macgowan brought suit against both Castle Rock and its former mayor, asserting deprivations of his First, Fifth, and Fourteenth Amendment rights, arising from the denial of his 2017 application for variances from the Town's zoning code regulations for the Combolisk. *Macgowan v. Town of Castle Rock, Colo.* ["*Macgowan I*"], No. 1:19-cv-01831-MEH, 2020 WL 127978 (D. Colo. Jan. 10, 2020), *appeal dismissed* 2020 WL 8511669 (10th Cir. July 20, 2020). In *Macgowan I*, Plaintiff alleged, among other things, that the Town's denial of his request for a variance for the structure's intended off-premises use violated his First Amendment free speech rights, that the Town's failure to timely inform him of the off-premises use restriction violated his Fourteenth Amendment procedural due process rights, and that the Town owed him "just compensation" for its failure to approve his Combolisk application. (Complaint, *Macgowan I*, No. 1:19-cv-01831-MEH, ECF No. 2 at 1-12.) Plaintiff's claims in *Macgowan I* were ultimately dismissed, on January 10, 2020.[1] *Macgowan I*, 2020 WL 127978, at *11. Final judgment was then entered against Plaintiff that same day, and the *Macgowan I* case was terminated. (Judgment, *Macgowan I*, No. 1:19-cv-01831-MEH, ECF No. 24.)

Sixteen months after the dismissal of *Macgowan I*, on May 6, 2021, Plaintiff filed this, his second, civil rights action against Castle Rock, as well as against the Town's current mayor, Jason Gray ["Mayor Gray"], and its director, Tara Vargish ["Director Vargish"], asserting similar claims under the First, Fifth, and Fourteenth Amendments, arising once again from the

---

[1] In *Macgowan I*, Plaintiff brought seven claims for relief: (1) a Fourteenth Amendment procedural due process claim; (2) a Fourteenth Amendment equal protection claim; (3) a First Amendment free speech claim; (4) a First Amendment right to assembly claim; (5) a Fifth Amendment takings claim; (6) an abuse of process claim; and (7) "discrimination." *Macgowan I*, 2020 WL 127978, at *3-11. The claims against the Town's former mayor were voluntarily dismissed with prejudice. *Id.* at *1 n.1. The claims against the Town itself were dismissed without prejudice as inadequately pleaded. *Id.* at *11.

2

denial of his application for a zoning variance for his Combolisk. (Doc. No. 1.) In the present lawsuit, Plaintiff alleges that, on February 1, 2021, he sent an "application letter" to Director Vargish, requesting the "use of a 14' [x] 48' industry standard sized billboard" to "broadcast" and "display" the Combolisk, which he sought to erect on "real property along I-25 within the incorporated limits of defendant TOWN OF CASTLE ROCK." (Am. Compl. 4.) Mr. Macgowan apparently acknowledged within the application "that said use was not allowed" under the Town's existing zoning code regulations, though he made clear his belief that "said code is unconstitutional." (*Id.*) On February 24, 2021, Director Vargish reportedly "responded by email indicating Plaintiff should file an application." (*Id.*) However, Mr. Macgowan now complains that the email provided no guidance as to "how to fill out an application for prohibited use." (*Id.*) Apparently for that reason, on March 3, 2021, Mr. Macgowan "appealed" to Mayor Gray, arguing that there was "no known process for repealing the unconstitutional code prohibiting the proposed use," and demanding "just compensation" as redress. (*Id.*) Mr. Macgowan reports that, to date, "[n]o response has been made by DEFENDANT MAYOR GRAY." (*Id.* at 5.)

In the present lawsuit, Mr. Macgowan asserts three causes of action: (1) a First Amendment free speech claim; (2) a Fourteenth Amendment procedural due process claim; and (3) a Fifth Amendment takings claim. (*Id.* at 4.) As relief, Mr. Macgowan requests monetary damages, as well as a declaration that the zoning variance at issue is "unconstitutional." (*Id.* at 5.)

Defendants now move to dismiss the present action, in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. 1-2.) In their motion to dismiss, Defendants argue,

specifically, that Plaintiff's claims are all barred by the doctrine of claim preclusion, because they are "identical" to the claims previously asserted in *Macgowan I*. (*Id.* at 4-6.) Defendants contend, in the alternative, that Mr. Macgowan has failed to plausibly allege any violation of his constitutional rights. (*Id.* at 6-10.) Finally, the individual Defendants—Mayor Jason Gray and Director Tara Vargish—argue that they are entitled to qualified immunity with respect to any and all claims asserted against them. (*Id.* at 10-11.)

## STANDARDS OF REVIEW

### I. Legal Standard for Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (stating that a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not

entitle him to an application of different rules. *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## II. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a Rule 12(b)(6) motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," *i.e.,* those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 679–81. Second, the court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, the claim survives the motion to dismiss. *Id*. at 679.

That being said, the court need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

In evaluating a Rule 12(b)(6) motion to dismiss, the court typically may not look beyond the pleadings. *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010). "If, on a motion under Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." *Johnson v. Spencer*, 950 F.3d 680, 705 (10th Cir. 2020) (quoting Fed. R. Civ. P. 12(d)) (alterations omitted). "Pleadings," for purposes of a Rule 12(b)(6) motion to dismiss, however, include attachments to the complaint, documents incorporated into the complaint by reference, and information subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010); *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006). Documents attached to a motion to dismiss are considered part of the pleadings, if they are referred to in the complaint, central to the plaintiff's claims, and not challenged as

inauthentic. *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997); *accord Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 521 (10th Cir. 2013).

## ANALYSIS

Defendants argue, first, that the doctrine of res judicata precludes Mr. Macgowan from asserting his present claims in federal court. (Mot. 4-6.) They argue, specifically, that because the district court in *MacGowan I* entered a final decision on the merits regarding claims that are "identical" to the claims at issue here, "Mr. Macgowan is barred from relitigating those claims in this lawsuit and dismissal under Rule 12 is warranted." (*Id.* at 5-6.)

"The doctrine of res judicata, or claim preclusion, will prevent a party from litigating a legal claim that was or could have been the subject of a previously issued final judgment." *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017) (brackets and internal quotation marks omitted). Claim preclusion has three elements: "(1) a final judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." *Id.* If all three elements are met, claim preclusion is appropriate, "unless the party seeking to avoid preclusion did not have a 'full and fair opportunity' to litigate the claim in a prior suit." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005) (quoting *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 n.4 (10th Cir. 1999)).

Here, given *Macgowan I*, there is no question that claim preclusion bars Plaintiff from bringing his present claims against Defendants. First, in *Macgowan I*, the district court's ruling on the Town of Castle Rock's Rule 12(b)(6) motion to dismiss was a final judgment on the merits. *See Brownback v. King*, 141 S. Ct. 740, 748 (2021) ("A ruling under Rule 12(b)(6) concerns the merits."). Specifically, in *MacGowan I*, the Fourteenth Amendment procedural due

process claim was dismissed based on Plaintiff's failure to identify a any cognizable liberty or property interest at stake, the First Amendment free speech claim was dismissed based on Plaintiff's failure to identify the purportedly unconstitutional provisions of the zoning code at issue, and the Fifth Amendment takings claim was dismissed based on Plaintiff's failure to plausibly allege an unconstitutional seizure of his property.  *Macgowan I*, 2020 WL 127978, at *4, 6, 8-9; *see Wallin v. Dycus*, No. 07-cv-00318-WDM, 2010 WL 924232, at *7 n.8 (D. Colo. Mar. 10, 2010) ("[A] dismissal for failure to state a claim upon which relief can be granted is treated as a judgment on the merits, and is therefore entitled to preclusive effect.").  Accordingly, the first element of claim preclusion is met.

As to the second element, claim preclusion "is applicable only to parties to the first suit or their privies."  *Satasky v. Paramount Commc'ns, Inc.*, 7 F.3d 1464, 1468 (10th Cir. 1993).  Here, Mr. Macgowan and the Town of Castle Rock were opposing parties in *Macgowan I*.  And, while Mayor Gray and Director Vargish were not parties in *Macgowan I*, as municipal government officials, they are clearly in privity with the Town of Castle Rock, itself.  *See United States v. Rogers*, 960 F.2d 1501, 1509 (10th Cir. 1992) (observing that "officers of the same government" are protected from "relitigation of the same issue between [the plaintiff] and another officer of the government") (internal quotation marks omitted); *Buhendwa v. Reg. Transp. Dist.*, 82 F. Supp. 3d 1259, 1264 (D. Colo. 2015) (holding the Regional Transportation Division, a Colorado "local government unit," to be in privity with its individual board members for purposes of the res judicata).  Thus, the second element is also satisfied.

As to the third element, the Tenth Circuit uses a "transactional approach" to determine whether there is "identity of the cause of action in both suits."  *City of Eudora, Kan. V. Rural*

*Water Dist. No. 4, Douglas Cty., Kan.*, 875 F.3d 1030, 1035 (10th Cir. 2017); *Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997). "Under this approach, a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence. All claims arising out of the transaction must therefore be presented in one suit or be barred from subsequent litigation." *Lenox v. MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1240 (10th Cir. 2017) (quoting *Nwosun*, 124 F.3d at 1257). What constitutes "the same transaction" must be "determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Hatch v. Boulder Town Council*, 471 F.3d 1142, 1149 (10th Cir. 2006) (quoting Restatement (Second) of Judgments § 24).

Here, in *Macgowan I*, Plaintiff alleged that Castle Rock's 2017 denial of his request for a variance for the off-premises display of his Combolisk violated his free speech and procedural due process rights, and that the Town's actions amounted to a taking, for which he was owed "just compensation." (Complaint, *Macgowan I*, No. 19-cv-01831-MEH (D. Colo. June 24, 2019), ECF No. 2.) In the present lawsuit, Mr. Macgowan once again alleges that Castle Rock violated his free speech and procedural due process rights, by denying his renewed request for the same such variance in 2019. (Compl. 4.) Plaintiff's allegations concerning his 2019 variance request, as set forth in his operative pleading here, appear indistinguishable from his previous allegations concerning his 2017 variance request. The only difference between the allegations is the date on which the events at issue are said to have occurred. Indeed, as Defendants correctly observe, Plaintiff's present allegations make clear that, in 2019, "he simply submitted an

9

identical inquiry on his Combolisk and received an identical response from the Town." (Mot. 6.) The fact that the variance applications were filed two years apart is irrelevant to the claim preclusion inquiry. *See Hatch*, 471 F.3d at 1150 ("Under the transactional test, a new action will be permitted only where it raises *new and independent* claims, not part of the previous transaction, based on the new facts.") (emphasis in original); *see also Hernandez v. Asset Acceptance, LLC*, 970 F. Supp. 2d 1194, 1204 (D. Colo. 2013) (finding a claim to be barred by the final judgment entered in a previous action, where the claims in both actions challenged "separate instances of the very same course of conduct"); *c.f. Haik v. Salt Lake City Corp.*, 567 F. App'x 621, 627-28 (10th Cir. 2014) (holding that property owners' equal protection and misrepresentation claims were not barred by claim preclusion, even though several of the presently alleged facts were "similar to those alleged before," because at least "some" of the present allegations were "new"). On this record, then, the court finds that the third element of claim preclusion is also satisfied.

Therefore, because this lawsuit and *Macgowan I* concern the same "identity of parties" and "identity of the cause of action," and because *Macgowan I* resulted in a final judgment on the merits, the dismissal of Plaintiff's present claims under the doctrine of res judicata is appropriate. As such, there is no need to address Defendants' other arguments for dismissal.

**WHEREFORE**, for the foregoing reasons, this court respectfully

**RECOMMENDS** that the "Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6)" (Doc. No. 22) be **GRANTED**. It is further

**RECOMMENDED** that this case be **DISMISSED**.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342,

1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 31st day of January, 2022.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge